**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **REYNALDO RAMIREZ,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civil No. CC-09-209 |
| § | | |
| **JIM WELLS COUNTY, TEXAS,** § | | |
| **ET AL.** § | | |
| Defendants § | | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

In this case, Plaintiff Reynaldo Ramirez claims Jim Wells County Sheriff Deputies unlawfully detained and used excessive force against him in violation of 42 U.S.C. §1983. Plaintiff sues Sheriff Oscar Lopez ("Sheriff Lopez") and Deputy Louie Valadez ("Deputy Valadez") for failure to supervise and train deputies on the proper use of taser guns. Plaintiff also sues Jim Wells County for failing to train its officers and sanctioning "the custom, practice and/or policy or procedure of illegal seizures, excessive force and/or violating their rights to be free of unwanton seizure."[1]

Pending before the Court are Jim Wells County, Sheriff Lopez, and Deputy Valadez's ("Defendants") motions to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can granted, pursuant to FED. R. CIV. P. 12(b)(6). The United States Magistrate Judge recommends the Court deny the motions, concluding that Plaintiff "has stated a plausible claim for

---

[1] Plaintiff also sues Deputies Jose Martinez and Michael Teodeck for (1) excessive force, (2) unlawful seizure, (3) false arrest and imprisonment, (4) malicious prosecution, (5) intentional infliction of emotional distress, and (6) assault and battery. These claims remain pending before the Court and are not the subject of this motion to dismiss.

1

relief against defendants Lopez, Valadez, and Jim Wells County on his failure to train and supervise claims." Defendants object. For the following reasons, the Court adopts the Magistrate Judge's recommendation and DENIES Defendants' motion to dismiss (D.E. 10, 21).

Citing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 167 L.Ed2d 929 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), Defendants first object that the facts pled by Plaintiff are insufficient to state a failure to train or supervise claim against Sheriff Lopez and Deputy Valadez. The Court disagrees.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 129 S.Ct at 1949. This pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id.* (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Court must construe the complaint liberally in favor of the plaintiff and must take all facts pleaded as true. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). At the same time, the court may not accept as true conclusory allegations or unwarranted deductions of fact. *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

In a §1983 claim for failure to supervise or train, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train

or supervise amounts to deliberate indifference" to the plaintiff's constitutional rights. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009); *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Goodman*, 571 F.3d at 385 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.* (citing *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Proof of deliberate indifference generally requires a showing "of more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)). However, under certain circumstances, §1983 liability can attach for a single decision not to train an individual officer even where there has been no pattern of previous constitutional violations. *Peterson v. City of Fort Worth*, 588 F.3d 838, 849 (5th Cir. 2009) (citing *Brown v. Bryan Co., Okla.*, 219 F.3d 450, 458 (5th Cir. 2000)). This exception applies only "where the facts giving rise to the violation are such that it should have been apparent to the policy maker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Brumfield v. Hollins*, 551 F.3d 322, 329 (5th Cir. 2008) (citing *Burge*, 336 F.3d at 372). Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability. *Id*. (citing *Estate of Davis ex. rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 382 (5th Cir. 2005)).

Defendants cite to *Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005), for the proposition that Plaintiff *must* and has failed to specifically allege how the particular training program is defective. The procedural posture of this case is distinguishable from *Roberts*. In *Roberts*, the Fifth Circuit was reviewing a district court's denial of the City of Shreveport and its Police Chief's motion for summary judgment that they were entitled to qualified immunity from §1983 liability. In its opinion, the Court discusses and evaluates the summary judgment evidence in detail and ultimately finds in favor of the defendants. In contrast, this Court, at this stage, must only evaluate whether Plaintiff has pled sufficient facts that would allow it to draw the reasonable inference that Defendants are liable for the alleged misconduct. According to Plaintiff, after Deputies Martinez and Teodecki searched his place of business for a female family member who was the subject of an arrest warrant, Deputy Martinez, otherwise known as "Taser Joe," repeatedly tasered Plaintiff "for expressing his displeasure at how they were treating he and his business." Plaintiff specifically pleads that Sheriff Lopez and Deputy Valadez referred to Deputy Martinez as "Taser Joe" and were responsible for training and/or supervising him on the use of his taser gun. Plaintiff also alleges the following:

> Defendants Valadez and Lopez have never required Defendant Martinez to be held accountable for taser cartridges, including but not limited to, failing to require him to sign-out taser cartridges, failing to require him to document the extensive use of his taser, and failing to properly train and inform him that the taser gun is an intermediate weapon to be used to gain compliance and not to be used as a replacement for verbal commands and/or as punishment.

Assuming these factual allegations are true, the Court finds Plaintiff has pled sufficient facts from which this Court may draw the reasonable inference that Sheriff Lopez and Deputy Valadez failed to train and/or supervise Deputy Martinez. Defendants' objection is OVERRULED.

Defendants next object that the Magistrate Judge does not address and Plaintiff fails to plead

facts concerning causation, i.e. that Sheriff Lopez and Deputy Valadez's alleged failure to train and/or supervise caused Plaintiff's injuries. Citing to *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) and *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 209 (5th Cir. 2004), Defendants argue that Plaintiff is required to plead facts to show that the "identified deficiency [is] closely related to the ultimate injury" and that the failure to train or supervise is the "moving force" behind the injury. Here again, the cases cited by Defendants are procedurally distinguishable from this case and therefore not dispositive of whether Plaintiff has satisfied the requisite *pleading* standard. Moreover, Plaintiff specifically alleges that "[A]s a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages ... both physical and emotional injury..." Defendants' objection is OVERRULED.

Defendants also object that the Magistrate Judge failed to identify and Plaintiff failed to plead facts from which the Court could reasonably infer that Sheriff Lopez and Deputy Valadez were deliberately indifferent to Plaintiff's constitutional rights. Citing to *Roberts*, Defendants contend Plaintiff must demonstrate a pattern of unconstitutional conduct on the part of Sheriff Lopez and Deputy Valadez. *Roberts*, 397 F.3d at 287. In his First Amended Complaint, Plaintiff asserts that Defendant Martinez has on "numerous instances ... improperly and overzealously used the taser against citizens when such use was neither necessary or warranted." While the Court agrees this statement is conclusory and does not by itself sufficiently plead a "pattern" of unconstitutional conduct, the Court finds it is not necessary for Plaintiff to plead such a pattern to survive a Rule 12(b)(6) motion to dismiss. The Supreme Court and Fifth Circuit Court of Appeals have repeatedly held that in certain circumstances, a single act by a municipal employee may form the basis of §1983

liability even where there has been no pattern of previous constitutional violations. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 409-10, 117 S.Ct 1382, 1391, 137 L.Ed.2d 626 (1997); *City of Canton*, 489 U.S. at 390; *Peterson*, 588 F.3d at 849; *Roberts*, 397 F.3d at 295. To rely on this "single incident" exception, Plaintiff must prove that the "highly predictable" consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the "moving force" behind the constitutional violation. *Roberts*, 397 F.3d at 295. *See also Peterson*, 588 F.3d at 849; *Brown*, 520 U.S. 397, 409-10. Here, Plaintiff alleges Sheriff Lopez and Deputy Valadez referred to Deputy Martinez as "Taser Joe," failed to monitor the amount of taser cartridges he used, and failed to train him on under what circumstances use of a taser gun is appropriate. From these alleged facts, it is reasonable to infer that Sheriff Lopez and Deputy Valadez were deliberately indifferent to citizens' constitutional rights. *See City of Canton*, 489 U.S. at 390.[2] The possibility that Deputy Martinez may use excessive force against other citizens' is plausibly a "highly predictable" consequence of failing to monitor his use of taser cartridges or instructing him on the appropriate use of a taser gun. For these reasons, Defendants' objection is OVERRULED.

Defendants object that the Magistrate Judge did not address Plaintiff's claim that Sheriff Lopez and Deputy Valadez ratified Deputy Martinez's use of excessive force against Plaintiff. They also object that the facts alleged by Plaintiff do not state a viable claim against Jim Wells

---

[2] " ... the need to train officers in the constitutional limitations on the use of deadly force, see Tennessee v. Garner, 471 U.S. 1, 105 S.ct. 1694, 85 L.Ed.2d 1 (1985), can be said to be "so obvious," that failure to dos so could properly be characterized as "deliberate indifference" to constitutional rights." *City of Canton*, 489 U.S. at 390, n. 10.

County. For the same reasons explained above, these objections are OVERRULED.[3]

Defendants' motions to dismiss are DENIED (10, 21).

ORDERED June 25, 2010.

*Hayden Head*

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

---

[3] In *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010), the Fifth Circuit recently reaffirmed "that a municipality can be liable for failure to train its employees when the municipality's failure shows 'a deliberate indifference to the rights of its inhabitants.'" *Sanders-Burns*, 594 F.3d at 381 (citing *Farmer v. Brennan*, 511 U.S. 825, 840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Court again confirmed that a showing of deliberate indifference is difficult, although not impossible, to base on a single incident. *Id*. (citing *Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2002).