UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:09-CV-00209 |
| | § | |
| JIM WELLS COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OVERRULING OBJECTIONS

Before the Court is "Defendant's Objection to Magistrate Judge's September 9, 2013 Order" (D.E. 109). Defendant seeks leave to file his motion to dismiss state law claims (D.E. 107-1) seeking a pre-trial determination of the defense of governmental immunity as to state law claims. For the reasons set out below, the Objections are OVERRULED.

This action was filed on August 19, 2009, over four years ago. D.E. 1 Defendant was served on August 21, 2009. D.E. 3. On July 16, 2010, other Defendants appealed whether Plaintiff had stated a sufficient claim against them. D.E. 37. On September 7, 2010, the Fifth Circuit dismissed the appeal for want of jurisdiction because the determination of whether the pleadings satisfied *Twombly* standards was not an appealable order. D.E. 51. Immediately thereafter, trial was set for July 18, 2011, to take place over two years ago. D.E. 55.

On March 30, 2011, Defendant filed his "Qualified Immunity Motion for Summary Judgment" (D.E. 66) in response to Plaintiff's "First Amended Original

Complaint" (D.E. 19). That Complaint contained the Texas state law claims of intentional infliction of emotional distress and assault and battery—the same claims that Defendant now seeks to submit to pretrial disposition. D.E. 19, pp. 12-13. On October 7, 2011, Defendant appealed the determination of his defense of qualified immunity with respect to Plaintiff's false arrest and excessive force claims and defense of official immunity specifically with respect to Plaintiff's state law false arrest and assault and battery claims. D.E. 93. All trial-related deadlines were terminated while the appeal was under consideration at the Fifth Circuit.

After the appellate decision was issued authorizing the continuation of this case with respect to both excessive force claims and state law assault and battery claims, this Court, on July 15, 2013, entered its Scheduling Order setting the case for trial on November 18, 2013. On September 4, 2013, after this case has been through two appeals with one addressing this Defendant's immunity claims, Defendant first sought a pre-trial determination of the state law assault and battery and intentional infliction of emotional distress claims based on sovereign and governmental immunity—affirmative defenses that he pled on December 21, 2009 and again on March 23, 2011. D.E. 22, p. 6; 65, p. 6.

Defendant does not state any reason that the current motion could not have been filed in advance of the deadline for such motions—at the same time that his other motion on immunity was filed. As the Magistrate Judge observed in her Order (D.E. 108), Defendant has had multiple opportunities over the four-year course of this case to seek a pre-trial disposition of these issues. Failure to do so results in fracturing and disposing of this case in an inefficient piecemeal manner that serves no purpose but to delay

resolution. While Defendant has not waived his immunity defenses, he has waived his right to any additional pre-trial motions based on immunity. The Court OVERRULES the Objections (D.E. 109). However, the Court accepts D.E. 107-1 as a trial brief and ORDERS Plaintiff to file his trial brief in response on or before October 22, 2013.

ORDERED this 24th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE